UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTONIO JONES,

    Petitioner,

v.                                                                    Case No: 6:18-cv-691-Orl-28GJK
                                                                            (6:10-cr-137-Orl-28GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Antonio Jones ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) pursuant to 28 U.S.C. § 2255, along with a Memorandum of Law (Doc. 2) in support of the Motion to Vacate. The Government filed a Response in Opposition to the Motion to Vacate ("Response," Doc. 8) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a Reply (Doc. 10) and an Amended Reply (Doc. 13) to the Response. For the reasons set forth herein, the Motion to Vacate will be denied as untimely.

### I.     Procedural Background

A Grand Jury charged Petitioner and another individual in an eight-count Indictment with the commission of various crimes. (Criminal Case No. 6:10-cr-137-Orl-

28GJK, Doc. 1).[1] Petitioner was charged in all eight counts. Petitioner subsequently entered into a Plea Agreement (Criminal Case Doc. 75) in which he agreed to enter a guilty plea to Counts One, Three, and Five of the Indictment. Petitioner entered his plea before Magistrate Judge Gregory J. Kelly, who filed a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. 79) recommending that the Plea Agreement and the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

The Court entered an Acceptance of Plea of Guilty and Adjudication of Guilt (Criminal Case Doc. 82) in which the guilty plea was accepted and Petitioner was adjudicated guilty of the offenses. The Court next entered a Judgment in a Criminal Case (Criminal Case Doc. 97) in which Petitioner was sentenced to imprisonment for a total term of 302 months. On April 9, 2013, the Eleventh Circuit Court of Appeals affirmed the convictions and sentence. (Criminal Case Doc. 144). The mandate issued on May 16, 2013. (*Id.*).

On June 20, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under the mailbox rule[2] (Doc. 159), which the Court dismissed without prejudice on

---

[1] Criminal Case No. 6:10-cr-137-Orl-28GJK will be referred to as "Criminal Case."

[2] *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

2

August 9, 2016. (Case Number 6:16-cv-1157-Orl-28GJK).[3] The present Motion to Vacate was filed on May 1, 2018, under the mailbox rule.

## II. Legal Standard

A motion under section 2255 must be filed within one-year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Motion to Vacate is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

## III. Analysis

In the present case, the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences on April 9, 2013. Petitioner then had ninety days to petition the United States Supreme Court for certiorari. *See* Rule 13 of *The Rules of the Supreme Court of the United States* (the 90-day period runs from the date of the entry of the

---

[3] The Court informed Petitioner that the dismissal without prejudice did not excuse him from the one-year period of limitation.

3

judgment and not from the issuance date of the mandate). Petitioner did not do so, and the judgment of conviction became final on July 8, 2013.[4] Consequently, Petitioner had until July 9, 2014, to file a section 2255 motion. Because the Motion to Vacate was not filed by July 9, 2014, it is time-barred.

The period of limitation is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Petitioner asserts that the one-year period of limitation should not apply to him because his claims "are jurisdictional in nature." (Doc. 10 at 1).[5]

This assertion is without merit. Section 2255 provides that claims alleging that "the court was without jurisdiction to impose such sentence" may be raised in a § 2255 motion seeking to vacate the sentence and that "[a] 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § § 2255 (a), (f). "Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period `shall apply' to all motions made under § 2255." *Wallace v. United States*, 981 F. Supp. 2d 1160, 1167 (N.D. Ala. 2013); *see also Williams v. United States*, 383 F. App'x 927, 929-30 (11th Cir. 2010)

---

[4] *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that, "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

[5] Petitioner raised two claims in the Motion to Vacate: (1) he "has not pled guilty to a charge with any codified federal crime"; and (2) counsel was ineffective "for failing to notice uncodified offense in plea agreement." (Doc. 2 at 5-6).

4

("Nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to a motion under" § 2255). Consequently, the Motion to Vacate is untimely and is denied because it is barred by the one-year period of limitation.[6]

Allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

An application for a certificate of appealability should be granted only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[7] Petitioner has failed to make a substantial showing of the denial of a constitutional right.

### V. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

---

[6] The Court finds that Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition. Further, Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence.

[7] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Cases In the United States District Courts*, Rule 11(a).

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:10-cr-137-Orl-28GJK.

5. The Clerk of the Court is directed to terminate any related section 2255 motion filed in criminal case number 6:10-cr-137-Orl-28GJK.

6. Petitioner's Motion for Appointment of Counsel (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 24, 2019.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party